UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA ex rel. | ) | |
|---|---|---|
| JOSE DEL VALLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 01 C 2036 |
| | ) | |
| ALLAN MARTIN, Acting Warden,[1] | ) | Judge John W. Darrah |
| Shawnee Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Jose Del Valle's Third Amended Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 against Allan Martin, Warden of Shawnee Correctional Center, Illinois ("Respondent").[2]

---

[1] Del Valle named Jody Hathaway as the Warden of Shawnee Correctional Center. Allan Martin is the Acting Warden of Shawnee Correctional Center, where Del Valle is in prison, and is substituted as the proper respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

[2] This case is one of three cases that are procedurally related both in this Court and the courts of Illinois. On March 22, 2001, Del Valle filed a *pro se* federal *habeas corpus* petition, challenging Del Valle's convictions for three separate offenses in Cook County Criminal Court. Del Valle was convicted in these three factually unrelated cases of: (1) attempted murder in Case No. 86 CR 13076, (2) murder in Case No. 86 CR 1470, and (3) voluntary manslaughter in Case No. 87 CR 1016.

On December 11, 2003, this Court granted Del Valle's motion to stay the proceedings to exhaust his remedies in state court. On January 22, 2010, Del Valle filed an amended *habeas* petition in Case No. 01 C 2036, which this Court struck on April 28, 2010, without prejudice to refile. On June 7, 2010, Del Valle filed a second

## BACKGROUND

The factual findings of a state trial or appellate court are presumed true in a federal *habeas* proceeding unless the petitioner can rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Del Valle has not challenged the state courts' summary of facts. Accordingly, the following facts are drawn from the trial court and appellate court's opinions.

On July 30, 1986, Del Valle shot his girlfriend, Roaima Amaro, twice in the head and left her to die in a 25-foot hole in a railroad yard. Amaro survived the shooting. On January 5, 1988, in the Circuit Court of Cook County, Illinois, Del Valle pled guilty to attempted murder in Case No. 86 CR 13076, the conviction that he challenges in the present *habeas* petition. On February 10, 1988, the trial court sentenced Del Valle to twenty-five years in prison. Del Valle did not move to withdraw his plea, file a motion to reconsider his sentence, or file a notice of appeal.

On September 10, 1996, prior to filing the federal *habeas* petition, Del Valle filed a post-conviction petition in the Circuit Court of Cook County pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, which the trial court summarily

---

amended *habeas* petition in Case No. 01 C 2036. On September 7, 2010, Del Valle's three claims were severed into three separate federal cases: (1) the original Case No. 01 C 2036 (attempted murder); (2) Case No. 10 C 5745 (murder); and (3) Case No. 10 C 5746 (voluntary manslaughter). On March 30, 2011, Del Valle filed third amended *habeas* petitions in each of the three separate federal cases.

This opinion will resolve only the petition in the above-captioned case, No. 01 C 2036 but because of the post-conviction procedural overlap mentioned above, the other federal *habeas* petitions of Case Nos. 10 C 5745 and 10 C 5746 must be discussed. However, each federal *habeas* petition will be the subject of a separate opinion and order under that case number entered contemporaneously with this opinion.

dismissed on October 3, 1996. Del Valle appealed, and the appeal was consolidated with the direct appeal from his Cook County voluntary manslaughter conviction in Case No. 87 CR 1016 and the denial of Del Valle's post-conviction petition regarding his Cook County murder conviction in Case No. 86 CR 14790.

Del Valle raised one claim on appeal: the trial court abused its discretion by sentencing him to the maximum extended term for voluntary manslaughter and ordering that sentence be served consecutively to the attempted murder sentence. On June 30, 1997, the Illinois Appellate Court affirmed. Del Valle filed a petition for leave to appeal ("PLA"), raising the same claim that he raised in the appellate court. The Illinois Supreme Court denied the PLA on December 3, 1997.

On January 8, 2004, while Del Valle's federal *habeas* proceeding was stayed (*see* note 2), Del Valle filed a *pro se* post-conviction petition in the Circuit Court of Cook County, challenging his attempted murder conviction, as well as the separate convictions of murder and voluntary manslaughter. On March 24, 2004, the state trial court summarily dismissed the petition as frivolous and patently without merit.

Del Valle appealed, raising one claim: his extended, consecutive sentence for voluntary manslaughter was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (*Apprendi*), because the question of whether the crime was brutal and heinous was decided by the trial court, not a jury. On November 10, 2005, the state appellate court affirmed, reasoning that *Apprendi* was not retroactive and that Del Valle's direct appeal ended before that opinion was entered. Del Valle's PLA was denied by the Illinois Supreme Court on March 29, 2006.

3

On March 3, 2006, while the PLA was pending, Del Valle filed a petition for relief from judgment in the Circuit Court of Cook County pursuant to 735 ILCS 5/2-1401, attacking the attempted murder and murder convictions; the trial court dismissed the petition on April 14, 2006. Del Valle's appeal from the dismissal of his 2-1401 petition raised two claims: (1) the trial court failed to admonish him that he was required to serve three years of mandatory supervised release following the completion of his prison sentence for attempted murder and murder; and (2) under Illinois procedural rules, the trial court should not have summarily dismissed petitioner's 2-1401 petition and should have construed it as a petition under the Post-Conviction Hearing Act.

On April 17, 2008, the Illinois Appellate Court affirmed the trial court. The Illinois Supreme Court denied Del Valle's PLA on September 24, 2008, but entered a supervisory order, remanding the case to the appellate court for reconsideration in light of *People v. Welch*, 877 N.E.2d 134 (Ill. App. Ct. 2007), *People v. Lawton*, 818 N.E.2d 326 (Ill. 2004), and *People v. Harvey*, 753 N.E.2d 293 (Ill. 2001). On November 26, 2008, the Illinois Appellate Court again affirmed the dismissal, holding that Del Valle's claims were inappropriate for a Section 2-1401 petition because they raised questions of law, not fact. Del Valle did not file a PLA following the appellate court's decision.

In his operative third amended *habeas* petition filed on March 30, 2011,[3] Del Valle raised one claim: Del Valle was denied due process because the trial court

---

[3] In Del Valle's original *habeas* petition, he argued that his attorney was ineffective for allowing him to plead guilty when he knew that the guilty plea could have adverse sentencing ramifications in Del Valle's other pending criminal cases and because a guilty plea, in turn, prevented Del Valle from testifying in his defense at those other

4

failed to properly admonish him, at the time of sentencing for the guilty plea, that he would serve a term of mandatory supervised release. This claim is presently before the Court.

## LEGAL STANDARD

*Habeas corpus* relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)).

A federal *habeas* court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 562 U.S. 362, 409 (2000) (*Williams*). It is a difficult standard to meet because

---

proceedings. After Del Valle's amended *habeas* petition was stricken, Del Valle argued, in his second amended *habeas* petition, that the trial court failed to properly admonish him regarding his term of mandatory supervised release.

5

unreasonable means "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

## ANALYSIS

### *Statute of Limitations*

Respondent argues that Del Valle's petition should be dismissed because it is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing *habeas* petitions. 28 U.S.C. § 2244(d)(1). If a petitioner's conviction became final before the AEDPA's enactment, this one-year statute of limitations does not begin to run until the AEDPA's effective date on April 24, 1996. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998) (*Gendron*). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). Here, Del Valle's conviction became final before the effective date of the AEDPA, and the statute of limitations thus began to run on April 24, 1996. *Gendron*, 154 F.3d at 675.

From April 24, 1996 (Del Valle's conviction was final by then)[4] to September 10, 1996 (when Del Valle's post-conviction petition was filed), 139 days had lapsed. From September 10, 1996 to December 3, 1997 (the date on which Del Valle's post-conviction petition was no longer pending), the statute of limitations was tolled. 28 U.S.C. § 2244(d)(2). From December 3, 1997 to March 22, 2001 (when Del Valle filed his original *habeas* petition) 1,205 days lapsed. Therefore, a total of 1,344 days lapsed after the statute of limitations began running on April 24, 1996, which exceeds the one-year statute of limitations set by the AEDPA. Therefore, Del Valle's original *habeas* petition is untimely.

Here, Del Valle's third amended *habeas* petition, filed on March 30, 2011, is the operative *habeas* petition. *See Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (holding that amended *habeas* petition supersedes original *habeas* petition).

Because Del Valle's March 22, 2001 initial *habeas* petition is untimely, his third amended petition, filed on March 30, 2011, is also untimely. *U.S. ex rel. McCoy v. McCann*, No. 08 C 1453, 2009 WL 2208155, 2 (N.D. Ill. July 23, 2009) (holding that original *habeas* petition was time-barred and "[p]etitioner does not raise anything new in his amended petition that would change the court's analysis of the application of the

---

[4] Del Valle's conviction in this case for attempted murder became final on March 11, 1988, thirty days after his sentence was imposed on February 10, 1988, when Del Valle failed to move to withdraw his plea. Ill. Sup. Ct. R. 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.").

statute of limitations. As such, petitioner's amended petition for writ of *habeas corpus* is time-barred under 28 U.S.C. § 2544(d).")." Moreover, Del Valle's third amended *habeas* petition raises arguments regarding his term of mandatory supervised release that do not relate back to the ineffective-assistance-of-counsel claim raised in his original *habeas* petition.[5] Therefore, even if his original *habeas* were timely, which it is not, his third amended *habeas* petition would not be.

Furthermore, Del Valle has not demonstrated that equitable tolling of the one-year limitations period is applicable. The limitations period may be tolled if the petitioner can establish that: (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance far beyond his control stood in the way of timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 419 n.8 (2005); *see Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2007). Del Valle has not alleged any "extraordinary circumstances" that would warrant equitable tolling. *See Holland v. Florida*, 130 S.Ct. 2549, 2553 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); *Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir.

---

[5] For purposes of *habeas* petitions, rules regarding amended petitions are governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Mayle v. Feliz*, 545 U.S. 644, 654-55 (2005). "Amendments to a *habeas* petition made after the limitations period has run may relate back to the original petition only if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." *U.S. ex rel. Delaola v. Pillow*, 10 C 665, 2011 WL 2200088 (N.D. Ill. June 13, 2011) (citing Fed. R. Civ. P. 15(c)(2)).

2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling").

*Procedural Default*

Even if Del Valle's claim was not time-barred, it would be procedurally defaulted. A petitioner must present his claims to the Illinois courts, up to and including the Illinois Supreme Court, to avoid procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). This means that his claims must appear not only in a petitioner's PLA but also in his filings with the state trial court and intermediate appellate court. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Here, Del Valle's due-process claim was not raised through one complete round of state-court review because Del Valle did not raise his claim in a PLA to the Illinois Supreme Court. Therefore, Del Valle's claim is also procedurally defaulted.

*Due-Process Claim*

Even if Del Valle's claim was not time-barred or procedurally defaulted, Del Valle's claim would be denied on the merits. Under the AEDPA, the Court's focus is whether the Illinois Appellate Court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

The United States Supreme Court has never held that a defendant has a due-process right to be advised of MSR when he enters into a plea agreement. In *Lockhart v. Chandler*, 446 F.3d 721 (7th Cir. 2006) (*Lockhart*), the Seventh Circuit noted:

> There is no [U.S.] Supreme Court precedent for the proposition that a

> defendant must be advised of a term of MSR at the time he attempts to
> enter a plea of guilty. Quite the contrary, the Court has expressly declined
> to decide such an issue in the very similar context of parole.

*Id.* at 724 (internal citation omitted); *see U.S. ex rel. Robinson v. Chandler*, No. 08 C 1558, 2011 WL 2149358, at *4 (N.D. Ill. May 25, 2011) (denying *habeas* claim where trial court failed to admonish petitioner at plea hearing of MSR term because "[t]here is no [U.S.] Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty."); *see also U.S. ex rel. Fogarty v. Dawson*, No. 11 C 40, 2011 WL 117203, at *1 (N.D. Ill. Jan. 7, 2011) (same); *U.S. ex rel. Adams v. Gilson*, No. 05 C 4703, 2008 WL 2704878, at *3 (N.D. Ill. July 8, 2008) (denying *habeas* claim based on procedural default but noting the same).

Accordingly, Del Valle cannot show that the Illinois Appellate Court unreasonably applied clearly established Supreme Court law because the Supreme Court has expressly declined to decide this issue. *See Lockhart*, 446 F.3d at 724 (citing *Williams*, 455 U.S. 624, 630 n. 9 (1982)).

*Certificate of Appealability*

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a court has denied a petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must show that reasonable jurists would

debate: (1) whether the petition adequately alleges the denial of a constitutional right and (2) whether the procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, as explained above, Del Valle's claim is time-barred. He has not shown, nor likely could he, that reasonable jurists would resolve the procedural ruling differently. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, Del Valle's Third Amended Petition for *Writ of Habeas Corpus* pursuant to 28 U.S.C. § 2254 [69] is denied. The Court declines to issue a certificate of appealability. The clerk is directed to change the Respondent's name in this matter as reflected in the above case caption.

Date: 2-9-12

JOHN W. DARRAH
United States District Court Judge